# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-651V
Filed: October 7, 2020
UNPUBLISHED

| | |
|---|---|
| SHELLEY HAYNES on behalf of E.H., a minor, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner <br><br> Petitioner's Motion for Decision Dismissing Petition; Tdap Vaccine; Encephalopathy |

*Shealene Priscilla Mancuso*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On May 2, 2019, petitioner filed a claim on behalf of her minor child under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her child suffered "encephalopathy resulting from the adverse effects of the tetanus, diphtheria, and pertussis ("TDAP") vaccination," received on November 9, 2016. (ECF No. 1.) On January 16, 2020, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 21.)

On October 6, 2020, petitioner filed a Motion for a Decision Dismissing his Petition.[2] (ECF No. 29.) Petitioner indicated that her "investigation of the facts and science by a number of experts has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the vaccine program," and that "to proceed further would be unreasonable and would waste the resources of the Court, the

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Petitioner confirmed in this motion that respondent does not oppose the motion. (ECF No. 29, p. 2).

respondent and Vaccine Program." (*Id.* at 1.) Petitioner further stated that "[p]etitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of his rights in the Vaccine Program," and that "[p]etitioner understands that she may apply for costs she has incurred once her claim is dismissed and judgment is entered against her." (*Id.* at 1.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

E.H.'s medical records do not support petitioner's allegations by a preponderance of the evidence and she did not file a medical opinion from an expert in support of her allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.